**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO ANDERSON ROMERO-URRUTIA, | No.    18-71506 |
| Petitioner, | Agency No. A206-798-964 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022[**]

Before:      WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Francisco Anderson Romero-Urrutia, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence determinations regarding social distinction. *Id*.

Substantial evidence supports the adverse credibility determination based on an omission in Romero-Urrutia's declaration regarding his hand injury, internal inconsistencies in Romero-Urrutia's testimony and inconsistencies between his testimony and documentary evidence regarding Luis's injuries and disappearance, and his demeanor during his testimony regarding his brother. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) ("BIA and IJ did not err in relying on [petitioner's] evasive and unresponsive demeanor while testifying after providing examples of his evasiveness."). Romero-Urrutia's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Romero-Urrutia's asylum and

18-71506

withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the determination that Romero-Urrutia failed to establish his proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1241-42 at 1243 (petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). As such, the BIA did not err in concluding that Romero-Urrutia did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

In light of this disposition, we need not reach Romero-Urrutia's remaining contentions as to asylum and withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the denial of CAT protection because Romero-Urrutia's claim was based on the same testimony found not credible, and Romero-Urrutia does not point to any other evidence in the record that compels the

18-71506

conclusion that it is more likely than not he would be tortured in El Salvador.  *See*

*Farah*, 348 F.3d at 1157.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**